IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Patrick Hugh Ronald Morrison,
PATRICK HUGH MORRISON©,

      Petitioner,

  v.

MAX WILLIAM, "d.b.a." Director,
Oregon Department of Corrections, et al.,

      Respondents.

Civil No. 05-1380-AS

ORDER

KING, Judge.

    Petitioner, an inmate at the Snake River Correctional Institution, brings this habeas corpus action *pro se*. Petitioner asserts he is seeking habeas corpus relief under 28 U.S.C. § 2241. However, Petitioner seeks to challenge the legality of a 1989 state conviction, so the court construes the action as a petition for writ of habeas corpus under 28 U.S.C. § 2254.

Petitioner previously challenged the legality of his 1989 conviction in this court. In <u>Morrison v. DeHaan</u>, CV 02-1585-CO, the Honorable Michael R. Hogan dismissed Petitioner's habeas corpus action on the ground that the proceeding was not commenced within the statute of limitations. More recently, in <u>Morrison v. Williams</u>, CV 05-110-TC, Judge Hogan dismissed Petitioner's habeas corpus action on the ground that it was successive, and Petitioner failed to demonstrate he obtained permission from the Ninth Circuit Court of Appeals to pursue a successive petition.

As Petitioner has been previously informed, a habeas petitioner may not file a second or successive petition in the district court without first obtaining permission from a three-judge panel of the court of appeals. <u>See</u> 28 U.S.C. § 2244(b). Permission may be granted only if the petition makes a prima facie showing that the previously unraised claim relies on a new rule announced by the Supreme Court and made expressly retroactive to collateral proceedings, or that the factual predicate of the claim could not have been discovered previously by due diligence <u>and</u> that the facts if proved would show clearly and convincingly that no reasonable trier of fact would have found the petitioner guilty of the underlying offense but for the constitutional error. <u>Id</u>., <u>see also</u> <u>Wortzeck v. Stewart</u>, 118 F.3d 648, 651-2 (9th Cir.), <u>cert. denied</u>, 520 U.S. 1173 (1997).

Petitioner has not demonstrated that he obtained the required permission from the Ninth Circuit Court of Appeals to file a second or successive petition. Petitioner's attempt to circumvent this requirement by characterizing this action as a § 2241 petition rather than a § 2254 petition is without merit.

Accordingly, IT IS ORDERED that Petitioner shall show cause in writing within 30 days of the date of this order why his Petition for Writ of Habeas Corpus should not be dismissed on the basis that he has not obtained permission from the Ninth Circuit to pursue a successive petition. Petitioner is advised that if he fails to file a response to this order within the time provided, this action shall be dismissed.

IT IS SO ORDERED.

DATED this  4th  day of November, 2005.

                                            /s/ Garr M. King
                                              Garr M. King
                                              United States District Judge