IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Rev. Patrick Hugh Ronald Morrison,
"PATRICK HUGH MORRISON©",

Petitioner,

v.

MAX WILLIAMS, JEAN HILL,
and JUDGE LINDA BERGMAN,

Respondents.

Civil No. 05-1380-AS

ORDER

KING, Judge.

Petitioner, an inmate at the Snake River Correctional Institution, brings this habeas corpus action *pro se*. Currently before the court is Petitioner's "Motion to Show Cause Why Defendants Should Not Be Held in Contempt/Motion for a Temporary Restraining Order and/or a Preliminary Injunction" (#12). For the reasons that follow, Petitioner's motion is DENIED.

## BACKGROUND

Petitioner seeks to challenge the legality of a 1989 conviction in this habeas action. On November 7, 2005, this court issued an order requiring Petitioner to show cause why his petitioner should not be summarily dismissed on the basis that is successive, and he has not demonstrated that the Ninth Circuit Court of Appeals granted him permission to file a second or successive petition. See 28 U.S.C. § 2244(b).

The motion currently before this court does not pertain to Petitioner's 1989 conviction or to the relief sought in his habeas corpus petition. Instead, Petitioner seeks an order restraining prison authorities from transferring him or otherwise retaliating against him, and mandating Petitioner be granted access to the law library, legal documents, and computer disks.

## DISCUSSION

A party moving for a preliminary injunction may meet its burden by showing either (1) probable success on the merits and the possibility of irreparable injury; or (2) that serious questions are raised and the balance of hardships tips sharply in the moving party's favor. Roe v. Anderson, 134 F.3d 1400, 1402 (9th Cir. 1998), affirmed, 526 U.S. 489 (1999); Johnson v. California Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995). These two formulations represent two points on a sliding scale in

which the required degree of irreparable harm increases as the probability of success decreases. Roe, 134 F.3d at 1402. Even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits. Johnson, 72 F.3d at 1430.

As noted above, Petitioner seeks an order requiring Respondents to take actions concerning the conditions of Petitioner's confinement. This is a habeas corpus action, however, and Petitioner does not allege claims supporting the type of relief sought in his motion. Nor could he do so. See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of confinement, while a civil rights action is the proper method of challenging conditions of confinement). Because such claims are not at issue, Petitioner cannot conceivably demonstrate a substantial likelihood of success on the merits of a denial of access claim such that mandatory injunctive relief would be warranted.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Petitioner's Motion (#12) is DENIED.

IT IS SO ORDERED.

DATED this __10th__ day of November, 2005.

　　　　　　　　　　/s/ Garr M. King

3 - ORDER -

Garr M. King
United States District Judge